UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chris Vanosdall, individually and on behalf of all others similarly situated, | Civil File No. 17-cv-1219 |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| vs. | |
| | **Jury Trial Demanded** |
| Fibercare, Inc., | |
| Defendants. | |

For his Complaint against Defendant Fibercare, Inc., Plaintiff states and alleges, upon information and belief, and on behalf of himself and all other similarly situated individuals, as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Venue is proper in the United States District Court for the District of Minnesota because Defendant is domiciled within this District, and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

3. Defendant Fibercare, Inc. ("Defendant") is a Minnesota corporation with a registered office address at 1907 Wayzata Boulevard #240, Wayzata, MN 55391. At all relevant times, Defendant has employed Plaintiff and the similarly-situated individuals described herein. At all relevant times, Defendant has employed individuals engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203, and has had annual gross operating revenues in excess of $500,000.00.

4. Plaintiff Chris Vanosdall worked for Defendant as a "Crew Lead" between March 2015 and September 2016, at which point he worked for Defendant as a "Crew Manager" until February 2017. As a crew lead, Plaintiff was paid in part on a piece-rate basis and in part on an hourly basis, and he was entitled to certain bonus and reimbursement payments from Defendant. As a crew manager, Plaintiff was paid on a salary basis, and he was entitled to certain bonus and reimbursement payments from Defendant. At all relevant times, Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203.

1

## COLLECTIVE ACTION ALLEGATIONS

5. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the similarly-situated individuals are:

6. All Crew Technicians, Crew Leads, Crew Managers, and other individuals holding comparable positions with different titles employed by Defendant nationwide within the three years preceding this action (collectively, the "FLSA Collective").

7. Plaintiff, on behalf of himself and all others similarly situated, seeks relief on a collective basis, challenging Defendant's practice of failing to accurately pay its employees overtime premiums. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential FLSA Collective members may easily and quickly be notified of the pendency of this action.

8. Plaintiff may amend this Complaint as other FLSA Collective members opt into this lawsuit.

9. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

10. Defendant routinely suffered and permitted Plaintiff and similarly-situated individuals within the FLSA Collective to work more than forty (40) hours per week, and often more than seventy (70) hours per week, without receiving proper overtime compensation for all overtime hours worked.

11. Defendant knew, or should have known, that Plaintiff and the similarly situated individuals performed work that required overtime pay.

12. Plaintiff is aware of other current and former employees of Defendant who were not paid the full amount of overtime wages to which they were entitled.

13. Defendant's practices violated the FLSA, 29 U.S.C. § 201 et. seq. As a result, Plaintiff and the similarly situated individuals suffered a loss of wages.

14. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty in a week.

## COUNT I – FLSA COLLECTIVE ACTION OVERTIME

15. Plaintiff, on behalf of himself and all FLSA Collective members, reasserts the allegations set forth in the above paragraphs.

16. Plaintiff brings Count I, this FLSA collective action overtime claim, as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of all others similarly situated.

17. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b) which is attached as Exhibit A.

18. The FLSA regulates the payment of overtime by employers, such as Defendant, whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

19. At all relevant times, Defendant has been, and continues to be an FLSA "employer" pursuant to 29 U.S.C. § 203(d) and subject to the FLSA overtime provisions.

20. At all relevant times, Plaintiff and all FLSA Collective members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

21. At all relevant times, Plaintiff and all FLSA Collective members were employees of Defendant under 29 U.S.C. § 203(e).

22. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Neither Plaintiff nor any FLSA Collective members was paid in a manner that exempts them from overtime compensation as required by the FLSA.

23. Defendant lacks any other valid legal reason or authority for failing to pay Plaintiff and all FLSA Collective members federally-mandated overtime premiums.

24. The FLSA requires that employers, such as Defendant, compensate all nonexempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

25. Defendant failed to compensate Plaintiff and all Store Manager Collective Action Members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek and, therefore, Defendant is in violation of the FLSA, 29 U.S.C. § 207(a)(1).

26. Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

27. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant unlawfully withheld overtime compensation from Plaintiff and FLSA Collective members. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b) for overtime compensation, together with an additional amount as liquidated damages, the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, pre-judgment and post-judgment interest, and reasonable attorney's fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly-situated employees who join

this action, prays for relief as follows for Count I of this Complaint:

A. Designation of this action as a collective action on behalf of the proposed FLSA Collective class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals who have been employed by Defendant during the relevant statutory period, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to U.S.C. §216(b);

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

C. An award of damages in the amount of Plaintiff's and FLSA Collective members' unpaid overtime wages, and an additional equal amount as liquidated damages;

D. Costs and expenses of this action incurred herein, including reasonable attorney's fees and expert fees;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**TARSHISH CODY, PLC**

Dated: April 18, 2017

*/s/ Scott Cody*
Scott Cody (#392137)
6337 Penn Avenue South
Richfield, MN 55423
Tel: (952) 361-5556
Fax: (952) 361-5559
scody@attorneysinmn.com
**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE FLSA COLLECTIVE**