UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chris Vanosdall, individually and on behalf of all others similarly situated, | Civ. No. 17-1219 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Fibercare, Inc., | |
| Defendant. | |

This matter is before the Court on the parties' joint Motion for Approval of Settlement in this collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

Plaintiff Chris Vanosdall initiated this action alleging that his employer, Defendant Fibercare, Inc., failed to properly compensate its employees for overtime hours. The Court conditionally certified the case as a collective action (Docket No. 30), and during the opt-in period, 88 individuals filed consents to join Vanosdall as Plaintiffs.

The parties mediated their differences, and although that mediation did not result in a settlement, the parties' continued negotiations ultimately resulted in the settlement agreement now before the Court. The settlement provides for a payment to each class member based on a formula that determines what Fibercare paid each Plaintiff for overtime and what each Plaintiff would should have been paid if their per-diem pay had been included in the overtime calculation. The settlement also provides for a service award to Vanosdall, and for payment of Plaintiffs' counsel's fees and costs.

The Court reviews a FLSA collective-action settlement to ensure that the litigation involved a bona fide dispute and that the settlement is fair and equitable to all parties. Stainbrook v. Minn. Dep't of Pub. Safety, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (Wright, J.).

> To determine whether settlement terms are fair and equitable to all parties, a district court may consider a multitude of factors, including (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case.

Id. All of these factors weigh in favor of approval of this settlement. Fibercare has produced significant discovery, including time sheets and pay statements for the potential class members, and other internal payroll notes and calculation spreadsheets. The parties understand the strengths and weaknesses of their case, and they are represented by experienced counsel. Success was not assured because the most significant dispute is whether per-diem payments are wage supplements for purposes of overtime calculation, an issue that only a factfinder could resolve. There is little chance that Fibercare overreached, given the involvement of an experienced mediator and Plaintiffs' belief—after reviewing Fibercare's business records—that a larger settlement award was not feasible. Further, the Plaintiffs will each receive 123% of their alleged damages. It is clear that the settlement was a product of arms' length negotiations.

The Court finds that the settlement represents a fair and reasonable compromise of a bona fide dispute. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Joint Motion for Approval of Settlement (Docket No. 76) is **GRANTED**;

2. The Settlement Agreement is **APPROVED**; and

3. This matter is **DISMISSED with prejudice**, without costs, fees, or disbursements to any party except as set forth in the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 9, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge